IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET LOVE VELAZQUEZ<br>526 East Clarkson Avenue<br>Philadelphia, PA 19120<br>    Plaintiff<br>v.<br><br>VALUE PLUS - STORE #4<br>2645-47 Germantown Avenue<br>Philadelphia, PA 19133<br>    Defendant | : : : : : : : : : : : : : | CIVIL ACTION<br><br><br><br>NO.<br><br><br><br><br>JURY TRIAL DEMANDED |

## PARTIES

1. Plaintiff Margaret Love Velazquez is an adult female individual and citizen of the Commonwealth of Pennsylvania, residing at 526 East Clarkson Avenue, Philadelphia, PA 19120.

2. Defendant Value Plus - Store #4 ("Value Plus") is believed to be a branch of Value-Plus, Inc., a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a store located at 2645-47 Germantown Avenue, Philadelphia, PA 19133.

## JURISDICTION AND VENUE

3. Defendant is engaged in the business of retail sales. At all relevant times, the defendant has been and is doing business within the Commonwealth of Pennsylvania within the jurisdiction of the Eastern District of Pennsylvania.

4. Defendant is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b) (hereinafter "Title VII").

5. This Court has jurisdiction over this matter under Section 706(f)(3) of Title VII, 42 U.S.C. §2000e-6(f)(3).

6. On or about April 4, 2001, plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), alleging that she was subjected to a sexually hostile work environment because of her gender, and that she was constructively terminated from her position of employment with defendant as a result of defendant's failure to correct the behavior complained of.

7. Plaintiff's PHRC Complaint was dual filed with the Equal Employment Opportunity Commission ("EEOC") and on February 15, 2002, the EEOC issued a Notice of Right to Sue letter with respect to plaintiff's Complaint, which was received by plaintiff and her counsel February 22, 2002.

8. Venue lies in the Eastern District of Pennsylvania in that the defendant is licensed to do business within the Eastern District of Pennsylvania and in fact does business herein, and that the acts of discrimination and constitutional violations committed by the defendant which directly resulted in injury to the plaintiff as described below occurred within the Eastern District of Pennsylvania.

**FACTUAL ALLEGATIONS**

9. On or about January 25, 2000, Margaret Love Velazquez was hired as a floor salesperson by respondent Value Plus, and continued to work there until March 31, 2001, when she was forced to resign.

10. At all times during her employment with defendant, plaintiff Margaret Love Velazquez performed her job duties in a satisfactory manner.

11. At all times material hereto, defendant acted by and through its authorized agents, servants, workers and/or employees acting in the course and scope of their employment with defendant and in furtherance of the defendant's business.

12. Defendant employed an individual named Levitt Paris at Value Plus - Store #4, 2645-47 Germantown Avenue, Philadelphia, PA 19133. Starting in March 26, 2001, Levitt Paris began to subject Margaret Love Velazquez to repeated incidents of sexual harrassment, which resulted in a sexually hostile work environment. Such incidents include, but are not necessarily limited to the following:

(A) Making sexual comments to plaintiff and to others about her;

(B) Telling other co-workers that since he had been intimate with a female co-worker, it would not be any problem for him to get plaintiff in bed.

(C) After plaintiff insisted that Levitt Paris stop making these unwanted and unwelcome comments, Levitt Paris responded by threatening to "beat my ass," and on other occasions struck plaintiff on the arm.

(D) Following plaintiff's complaints to store management hereinafter more fully set forth, Levitt Paris called plaintiff a slut and told her "I'm going to whip your butt," in the presence of the store manager, who failed to take any further action.

13. On March 28, 2001, plaintiff reported Levitt Paris to the store manager Sami, who took the report and wrote down information about the report but failed to act on it.

14. On March 29, 2001, when plaintiff was threatened, harrassed and punched by Levitt Paris, plaintiff went to manager Sami's office and saw her report sitting on his desk.

15. On Friday, March 30, 2001, plaintiff called corporate headquarters and complained to the District Manager Paul about Levitt Paris and his conduct; Paul later informed plaintiff that Levitt Paris had been fired.

16. On Saturday, March 31, 2001, manager Sami told plaintiff that Levitt Paris had been transferred to another store; however, later on March 31, 2001, Levitt Paris came into the store in

which plaintiff was working, walked around, came up to plaintiff, called her a slut and told her "I am going to whip your butt," when the store manager, Sami, was standing behind him; Sami refused to do anything further in terms of disciplining Levitt Paris.

17. Because plaintiff was unprotected and because Levitt Paris could find plaintiff no matter where she worked for Value Plus, and because the manager of the Value Plus - Store #4 where plaintiff worked failed and refused to take any effective action to protect plaintiff, plaintiff feared for her safety and told manager Sami that she was quitting.

18. On March 31, 2001, plaintiff was effectively constructively discharged because of the failure of Value Plus to take effective action against the sexually hostile work environment in which plaintiff was placed, and to effectively protect plaintiff from repeated incidents of sexual harassment by a co-employee.

19. Plaintiff filed with the PHRC a Complaint assigned Docket Number E-98950D (co-filed under EEOC Charge No. 17FA12130), but no action was taken within 180 days of the filing of the charge and the EEOC terminated its processing of the charge.

20. The effect of the practices complained of in the preceding paragraphs and the failure of defendant Value Plus to stop the incidents of sexual harassment complained of, deprived plaintiff of equal opportunities and otherwise affected her status as an employee because of her sex.

21. The acts of discrimination by defendant's aforementioned managers are part of a pattern and practice of discrimination engaged in by defendant Value Plus on the basis of an employee's sex and/or for having engaged in protected activity.

22. The actions taken by the defendant as described herein were done wilfully, intentionally and with reckless disregard of the consequences.

23. Plaintiff has been, is being and will continue to be irreparably harmed by the discriminatory actions of the defendant, and she has no adequate remedy at law to address these wrongs.

### COUNT I - FEDERAL CLAIMS
### 42 U.S.C. SECTION 2000e et seq.
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24. Plaintiff incorporates by reference paragraphs one (1) through twenty-three (23) above, as if fully set forth at length herein.

25. The acts and practices committed by the defendant as set forth herein created a sexually hostile work environment which the defendant failed and refused to both investigate in a manner calculated to verify the allegations and to correct the pattern and practice of such discrimination as was allowed to persist at Value Plus - Store #4.

26. The acts and practices committed by the defendant as set forth herein constitue disparate treatment gender based discrimination which the defendant similarly failed and refused to investigate in a manner calculated to verify plaintiff Margaret Love Velazquez's allegations and/or correct the pattern and practice of such discrimination the defendant allowed to persist within Value Plus - Store #4.

27. Defendant's failure to act created such a hostile environment that it caused the resignation of plaintiff Margaret Love Velazquez on March 31, 2001.

28. The actions taken by the defendant as described herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the defendant, Value Plus, and grant the following relief:

(a) issue a declaratory judgment declaring the discriminatory practices set forth herein are unlawful as violative of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.;

(b) issue preliminary and permanent injunctions enjoining and restraining the defendant, its successors, officers, agents, employees and assigns, and those acting in concert or participation with them, from engaging in any act or practice violative of Title VII;

(c) enter judgment in favor of plaintiff for back pay and fringe benefits in the amount of the financial loss determined to have been sustained by her;

(d) enter judgment in favor of plaintiff for front pay in lieu of reinstatement;

(e) enter judgment in favor of plaintiff for compensatory damages including, but not limited to, the severe emotional distress and mental anguish and humiliation she was caused to endure and she continues to endure which has directly resulted from the discriminatory employment practices of the defendant;

(f) enter judgment in favor of plaintiff for punitive damages in an amount sufficient to punish the defendant for permitting or otherwise condoning the willful, wanton, outrageous, reckless and/or callous actions of its authorized representative(s) in disregarding plaintiff's rights;

(g) issue such further orders and further relief as may be necessary and appropriate in order to redress the deprivation of rights and privileges sustained by the plaintiff; and

(h) award plaintiff reasonable attorneys' fees together with the costs of this action.

## COUNT II - FEDERAL CLAIM
## 42 U.S.C. SECTION 1983
## <u>VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION</u>

29. Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) above as if fully set forth at length herein.

30. As a direct and proximate result of the unlawful acts undertaken by defendant's authorized representatives, acting jointly and/or in conspiracy with each other, plaintiff was deprived of equal protection of the law as guaranteed to her under the Fourteenth Amendment to the United States Constitution, in violation of Section 1983 of the Civil Rights Act, 42 U.S.C. §1983.

31. The unlawful acts of the defendant, acting by and through their agents and/or authorized representatives in denying plaintiff equal protection of the laws as described herein, were the direct and proximate result of the deliberate indifference of the defendant as manifested by its complete failure to properly train, supervise and/or discipline its supervisory staff and employees as a matter of policy, pattern and practice.

32. Plaintiff has suffered serious and substantial injuries as a direct and proximate result of the deprivation of the foregoing fundamental constitutional rights caused by defendant's conduct in violation of 42 U.S.C. § 1983.

**WHEREFORE,** plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the defendant, Temple University, and grant the following relief:

(a) issue a declaratory judgment declaring that the discriminatory practices set forth herein are unlawful as violative of Section 1983 of the Civil Rights Act, 42 U.S.C. 1983 <u>et seq</u>.;

(b) issue preliminary and permanent injunctions enjoining and restraining the defendant, its successors, officers, agents, employees and assigns, and those acting in concert or participation with them, from engaging in any act or practice violative of Section 1983;

(c) enter judgment in favor of plaintiff for back pay and fringe benefits in the amount of the financial loss determined to have been sustained by her;

(d) enter judgment in favor of plaintiff for front pay in lieu of reinstatement;

(e) enter judgment in favor of plaintiff for compensatory damages including, but not limited to, the severe emotional distress and mental anguish and humiliation she was caused to endure and she continues to endure which has directly resulted from the discriminatory employment practices of the defendant;

(f) enter judgment in favor of plaintiff for punitive damages in an amount sufficient to punish the defendant for permitting or otherwise condoning the willful, wanton, outrageous, reckless and/or callous actions of its authorized representative(s) in disregarding plaintiff's rights;

(g) issue such orders and further relief as may be necessary and appropriate in order to redress the deprivation of rights and privileges sustained by the plaintiff; and

(h) award plaintiff reasonable attorneys' fees together with the costs of this action.

### COUNT III - FEDERAL CLAIM
### 42 U.S.C. SECTION 1988
### <u>ATTORNEYS' FEES AND COSTS</u>

33. Plaintiff incorporates by reference paragraphs one (1) through thirty-two (32) above as if fully set forth at length herein.

34. Plaintiff seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff requests judgment in her favor against defendant and seeks an award of attorneys' fees and costs to which she is statutorily entitled.

## COUNT IV - STATE CLAIMS
## 43 P.S. SECTION 195 et seq.
## VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT

35. Plaintiff incorporates by reference paragraphs one (1) through thirty-four (34) above as if fully set forth at length herein.

36. The actions taken by the defendant as described herein were unlawful and in violation of the Pennsylvania Human Relations Act of 1955, as amended, 43 P.S. §951 et seq.

**WHEREFORE,** plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the defendant, Value Plus - Store #4, and grant the following relief:

    (a) enter judgment in favor of plaintiff for back pay and fringe benefits in an amount equal to the financial loss determined to have been sustained by her;

    (b) enter judgment in favor of plaintiff for front pay in lieu of reinstatement;

    (c) enter judgment in favor of plaintiff for the severe emotional distress and mental anguish and humiliation she was caused to endure and continues to endure and which has directly resulted from her unlawful termination by and the discriminatory employment practices of the defendant;

    (d) award punitive damages in favor of the plaintiff and against defendant Value Plus - Store #4 in an amount sufficient to punish the defendant for its intentional, willful and unlawful termination of plaintiff's employment and denial of her benefits, conduct which the defendant engaged in with reckless indifference as to the consequences of its actions;

    (e) issue such orders and further relief as may be necessary and appropriate in order to redress the deprivation of rights and privileges sustained by the plaintiff; and

    (f) award plaintiff reasonable attorneys' fees together with the costs of this action.

    Respectfully submitted,

_____
KENNETH M. RODGERS, ESQUIRE
1515 Market Street, Suite 1201
Philadelphia, PA 19102-1921
215-923-3330
Attorney for Plaintiff Margaret Love Velazquez

Dated: _____, 2002.